Honorable Thomas S. Zilly

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| COBBLER NEVADA, LLC,<br><br>Plaintiff,<br><br>v.<br><br>SPENCER BUCKMAN, an individual,<br><br>Defendant. | Civil Action No. 15-cv-1432TSZ<br><br>ORDER GRANTING DEFAULT JUDGMENT AND PERMANENT INJUNCTION AGAINST DEFENDANT BUCKMAN |

This matter comes before the Court on the Plaintiff's motion for default judgment and permanent injunction against Defendant. Considering all pleadings and filings of record, the Court concludes as follows:

1. Plaintiff Cobbler Nevada, LLC filed this action against various Doe Defendants in the United States District Court for the Western District of Washington for copyright infringement, 17 U.S.C. §§ 101, et seq. (Dkt. 25), resulting from the illegal copying and distribution of Plaintiff's motion picture entitled *The Cobbler*, registered with the United States Copyright Office, Reg. No. PAu 3-744-688.

2. Defendant is the responsible party as set forth in the complaint and, as such, is a proper named defendant in this action.

3. Service of the amended complaint was effected on the defaulted Defendant and proof of service field with the Court. On September 12, 2016, the Court granted in part Plaintiff's motion for

ORDER GRANTING DEFAULT JUDGMENT - 1
Civil Action No. 15-cv-1432TSZ
~9969786

LOWE GRAHAM JONES PLLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

order to show cause regarding Defendant's failure to participate in a Rule 26(f) conference, ordering that Defendant participate by September 30, 2016. (Dkt. 93) On December 7, 2016, the Court granted Plaintiff's second motion for order to show cause. (Dkt. 96) On February 24, 2017, the Court granted Plaintiff's motion for entry of default, striking Defendant Buckman's answer and entering default against him. (Dkt. 98)

4. This Court has jurisdiction over the parties and venue is proper.

5. To prevail on a copyright infringement claim, a plaintiff must establish (1) ownership of a valid copyright and (2) copying of constituent elements of the work that are original. *Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 US 340 (1991). Once a default is entered against a party, all allegations other than damages are presumed to be true. *Geddes v. United Financial Gr*oup, 559 F.2d 557, 560 (9th Cir. 1977).

6. Plaintiff has valid and enforceable rights in the original copyrighted work *The Cobbler*, registered with the United States Copyright Office, Reg. No. PAu 3-744-688.

7. Defendant has directly, indirectly and/or contributorily infringed Plaintiff's rights by copying and distributing or permitting, facilitating and materially contributing to the infringement of Plaintiff's exclusive rights under The Copyright Act by others as alleged in the amended complaint, thereby causing Plaintiff economic harm.

8. 17 U.S.C. § 502(a) authorizes an injunction to "prevent or restrain infringement of a copyright." Defendant by default has been found liable for infringement in the instant action and likely possess the means to continue infringement in the future, meeting the court's requirements for issuing such an injunction.

9. 17 U.S.C. § 503(b) authorizes the "destruction or other reasonable disposition" of all copies made or used in violation of the copyright owner's exclusive rights.

10. In copyright infringement cases a plaintiff may elect either actual or statutory damages. 17 U.S.C. § 504(a). "[S]tatutory damages are recoverable without regard to the existence or provability

LOWE GRAHAM JONES PLLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

of actual damages." *New Form, Inc. v. Tekila Films, Inc.*, 357 Fed. Appx. 10, 11 (9th Cir. 2009), *cert. den.* 130 S. Ct. 2405 (2010); *Columbia Pictures Television, Inc. v. Krypton Broad of Birmingham, Inc.*, 259 F.3d 1186, 1194 (9th Cir. 2001). The Copyright Act provides for statutory damages in a sum of not less than $750 or more than $30,000, as the court considered just.

11. 17 U.S.C. § 505 provides for an award of reasonable attorney's fees. *Frank Music Corp. v. Metro-Goldwyn-Mayer Inc.*, 886 F.2d 1545, 1556 (9th Cir. 1989) (*citing McCulloch v. Albert E. Price, Inc.*, 823 F.2d 316, 323 (9th Cir.1987)). District courts should consider the following nonexclusive factors in determining an award of attorney's fees: (1) the degree of success obtained; (2) frivolousness; (3) motivation; (4) the objective unreasonableness of the losing party's factual and legal arguments; and (5) the need, in particular circumstances, to advance considerations of compensation and deterrence. *Love v. Associated Newspapers, Ltd.,* 611 F.3d 601, 614 (9th Cir. 2010); *see also Jackson v. Axton,* 25 F.3d 884, 890 (9th Cir. 1994); *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 n. 19, 114 S. Ct. 1023, 1033 n. 19 (1994). Plaintiff's attorney's hourly billing rate of $450 for this case is not reasonable given the nature of the case and based on the above factors, the Court awards $1,500.00.

WHEREFORE IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

Plaintiff's motion for default judgment and permanent injunction is GRANTED and judgment is awarded in favor of Plaintiff and against Defendant as follows:

A. Defendant is PERMANENTLY ENJOINED from directly, indirectly or contributorily infringing Plaintiff's rights in Plaintiff's motion picture, *The Cobbler*, including without limitation by using the Internet to reproduce or copy Plaintiff's motion picture, to distribute Plaintiff's motion picture, or to make Plaintiff's motion picture available for distribution to the public, except pursuant to lawful written license or with the express authority of Plaintiff.

B. To the extent that any such material exists, Defendant is directed to destroy all unauthorized copies of Plaintiff's motion picture in his possession or subject to his control.

C. Statutory damages in the amount of $750.00.

ORDER GRANTING DEFAULT JUDGMENT - 3
Civil Action No. 15-cv-1432TSZ
~9969786

LOWE GRAHAM JONES PLLC

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

D. Attorney's fees in the amount of $1,500.00 and costs in the amount of $127.50.

DATED this 9th day of June, 2017.

*Thomas S. Zilly*
Thomas S. Zilly
United States District Judge

Presented by:

s/David A. Lowe, WSBA No. 24,453
Attorneys for Plaintiff

ORDER GRANTING DEFAULT JUDGMENT - 4
Civil Action No. 15-cv-1432TSZ
~9969786

LOWE GRAHAM JONES PLLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301