1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

COBBLER NEVADA, LLC,

        Plaintiff,

  v.

SPENCER BUCKMAN,

        Defendant.

C15-1432 TSZ

ORDER

    THIS MATTER comes before the Court on plaintiff's Motion for Reconsideration, docket no. 106.  Having reviewed the motion and all relevant filings, the Court enters the following Order.

    Plaintiff seeks reconsideration of the Court's June 9, 2017, Order Granting Default Judgment and Permanent Injunction against defendant Spencer Buckman, docket no. 104. Specifically, plaintiff challenges the Court's $1,500 award of attorney's fees.  Plaintiff argues that the Court "misapprehended certain important matters" in reaching its conclusion that "[p]laintiff's attorney's hourly billing rate of $450 for this case is not reasonable" and awarding $1,500.00 in fees instead of the $3,382.00 plaintiff requested. There was no such misapprehension.  Although the court previously approved a $450 hourly rate for plaintiff's counsel in this case and granted an award of fees based on

ORDER - 1

1 roughly the same number of hours requested here, since that time, the Court has become

2 increasingly familiar with counsel's work on copyright infringement cases related to the

3 BitTorrent protocol. The Court's $1,500 award of attorney's fees in this case is based on

4 five (5) hours of attorney time at $300 an hour, and for the reasons discussed below, such

5 an award is reasonable and sufficient to compensate counsel for his work in obtaining

6 default judgment against defendant Buckman.

7 **Discussion**

8      Courts determine fee award amounts based on a "lodestar figure" calculated by

9 multiplying the number of hours reasonably expended on a matter by the reasonable

10 hourly rate. *Intel Corp. v. Terabyte Int'l, Inc.*, 6 F.3d 614, 622 (9th Cir. 1993). The

11 Court may then adjust the lodestar figure in light of the factors set forth in *Kerr v. Screen*

12 *Extras Guild Inc.*, 526 F.2d 67, 69-70 (9th Cir. 1975). The relevant *Kerr* factors here are:

13 (1) the time and labor required; (2) the novelty and difficulty of the questions; and (3) the

14 skill requisite to perform the legal services properly. *See LHF Productions, Inc. v. Doe 1*,

15 2017 WL 615888, at *4 (W.D. Wash. Feb. 15, 2017).

16      **A.     Reasonable Hourly Rate**

17      In the Ninth Circuit, the determination of a reasonable hourly rate "is not made by

18 reference to rates actually charged the prevailing party." *Chalmers v. City of Los*

19 *Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986). Instead the reasonable hourly rate is

20 determined with reference to the prevailing rates charged by attorneys of comparable skill

21 and experience in the relevant community. *See Blum v. Stenson*, 465 U.S. 886, 895

22 (1984). "Generally, when determining a reasonable hourly rate, the relevant community

23

ORDER - 2

1   is the forum in which the district court sits." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d

2   973, 979 (9th Cir. 2008).  Courts may also consider "rate determinations in other cases,

3   particularly those setting a rate for the plaintiff's attorney" as "satisfactory evidence of

4   the prevailing market rate." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d

5   403, 407 (9th Cir. 1990).

6       Plaintiff's counsel submits that $450 is the prevailing rate charged by attorneys of

7   comparable skill and experience in the relevant community.  The evidence upon which

8   counsel relies, however, does not account for the generic nature of the work involved in

9   BitTorrent related copyright infringement cases similar to this one.  Counsel's work in

10  this case amounts to little more than form pleading, which "necessitat[es] little, if any

11  legal skill or attention." *Qotd Film Investment Ltd. v. Starr*, 2016 WL 5817027, at *4

12  (W.D. Wash. Oct. 5, 2016).  In cases involving practically identical allegations and legal

13  issues, courts in this District have reduced counsel's hourly rate to $300.  *See Criminal*

14  *Productions, Inc. v. Gunderman*, 2017 WL 664047, at *5 (W.D. Wash. Feb. 17, 2017);

15  *LHF Productions*, 2017 WL 615888, at *4; *Dallas Buyers Club, LLC v. Nydam*, 2016

16  WL 7719874, at *5-6) (W.D. Wash. August 8, 2016).  These decisions appropriately

17  recognize that BitTorrent cases do not require extensive skill or experience and that

18  counsel's submissions in these actions are predominantly pleadings and motions recycled

19  from prior BitTorrent lawsuits.  The Court adopts the reasoning of these decisions in

20  concluding that counsel's billing rate of $450 is unreasonable and in finding that a

21  reduction of counsel's hourly rate to $300 is appropriate.

22

23

ORDER - 3

1

2

**B.      The Number of Hours Requested by Plaintiff's Counsel is Unreasonable**

3

The party seeking fees "bears the burden of establishing entitlement to an award

4

and documenting the appropriate hours expended and hourly rates."  *Hensley v.*

5

*Eckerhart*, 461 U.S. 424, 437 (1983).  Courts are to exclude hours that are not

6

"reasonably expended" because they are "excessive, redundant, or otherwise

7

unnecessary."  *Id.* at 434.

8

Counsel indicates that the 7.2 hours requested reflect the *pro rata* share of the total

9

amount of time spent for the named defendants in the case, plus the time spent solely on

10

work related to defendant Buckman.  Declaration of David Lowe, docket no. 100, ¶ 10.

11

This request is excessive, however, given that the vast majority of the hours claimed

12

involved work on pleadings and motions which met little or no opposition and were

13

nearly identical to filings submitted in the plethora of BitTorrent cases litigated by

14

plaintiff's counsel in this District.  For example, plaintiff's counsel requests 1.5 hours of

15

time for work related to the motion for default judgment filed against Spencer Buckman,

16

Lowe Decl. at 6, yet the motion, declaration, and proposed order are practically identical

17

to the six others counsel submitted in connection with default judgments obtained against

18

other named defendants in this case.  Similarly, counsel claims 42 minutes (.7 hours) for

19

preparation of a motion for default and proposed order which together comprise a total of

20

five lines of text.  *See* Motion for Default Against Spencer Buckman, docket no. 97.

21

Judge Martinez has aptly described how counsel's activity in this District underscores the

22

unreasonableness of the hours for which counsel requests compensation.  *See LHF*

23

1  *Productions*, 2017 WL 615888, at *5-6.  Indeed, "at this point, form filings and

2  standardized procedures are the norm."  *Qotd* Film, 2016 WL 5817027, at *4.

3      The Court is satisfied that an award of $1,500 in attorney's fees based on five (5)

4  hours of attorney time at an hourly rate of $300 is both reasonable and sufficient to

5  compensate counsel for the work performed in obtaining default judgment against

6  defendant Buckman.[1]

7  **<u>Conclusion</u>**

8      For the foregoing reasons, plaintiff's Motion for Reconsideration, docket no. 106,

9  is DENIED.

10

11      IT IS SO ORDERED.

12      Dated this 27th day of July, 2017.

13

14      _____

15      Thomas S. Zilly
        United States District Judge

16

17

18

19

20  _____

21  [1] The Court declines to award any of the time attributed to counsel's legal assistant, who performed
    purely administrative tasks in this matter, Lowe Decl. at 6.  *See LHF Productions*, 2017 WL 615888, at
22  *6.  *See LHF Productions*, 2017 WL 615888, at *6 (declining to award "time attributed to Mr. Lowe's
    legal assistant" because he or she performed "purely administrative tasks").

23

ORDER - 5